IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THOMAS ALLEN CLAYTON, GAIL CLAYTON,   )
                                      )
          Plaintiffs,                 )
                                      )
     v.                               )   1:13CV595
                                      )
ROGERS, TOWNSEND & THOMAS, PC         )
BRANCH BANKING & TRUST CO., INC.,     )
NORTH CAROLINA ADMINISTRATIVE         )
OFFICE OF THE COURT,                  )
                                      )
          Defendants.                 )

MEMORANDUM OPINION AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This civil action is before the Court on a Motion to Dismiss [Doc. #17] filed by Defendant Branch Banking and Trust BB&T Corporation ("Defendant BB&T"), and Defendant Rogers, Townsend & Thomas, P.C.[1] Plaintiffs Thomas and Gail Clayton are proceeding *pro se* in this action, which arises out of the foreclosure of their home in Alamance County, North Carolina. Plaintiffs were advised of their right to respond to Defendants' Motion to Dismiss and filed a Response [Doc. #19]. For the reasons set out below, the Court recommends that Defendants' Motion to Dismiss be granted.[2]

---

[1] Plaintiffs attempted to serve Defendant North Carolina Administrative Office of the Court [Doc. #25], but it does not appear to have been properly served and it has not entered an appearance in this action.

[2] The Court notes that this is only one of many actions Plaintiffs have filed against various defendants based upon the foreclosures of their property. See Clayton v. City of Burlington, 1:12CV1158 (M.D.N.C.); Clayton v. Suntrust Bank, No. 1:11CV818 (M.D.N.C.) (remanded to state court on 2/11/2013); Clayton v. Branch Banking and Trust, No. 1:11CV783 (M.D.N.C.) (remanded to state court on 1/17/2013).

I. FACTS, CLAIMS, AND PROCEDURAL HISTORY

In their Second Amended Complaint [Doc. #9], Plaintiffs raise various claims stemming from their dissatisfaction with the outcome of a state foreclosure action taken against Plaintiffs' residential property by Defendants BB&T and Rogers, Townsend & Thomas. It is difficult to determine precisely what claims Plaintiffs are advancing in their Complaint or what the factual background is for their claims. The Complaint is organized into six claims or causes of action. Claims One and Five allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Claim Two alleges a violation of 15 U.S.C. § 2605, but Plaintiffs likely meant to cite the Real Estate Settlement Protection Act, 12 U.S.C. § 2605 *et seq.* Claim Three alleges violations of "stat. I & 2 and 6 of the Clayton [Antitrust] Act." Claim Four is for a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* Finally, claim Six alleges Defendants' violation of the Thirteenth Amendment. In almost all instances, Plaintiffs did not specify which of the three Defendants they are referring to in their allegations, and instead generically use "Defendant" or "Defendants."

As relief, Plaintiffs have requested a permanent injunction against Defendant Rogers, Townsend & Thomas "and any other party" to prevent them from foreclosing on Plaintiffs' property. They also ask the Court to "compel federal mandates for a certified audit as to Defendant's alleged loan" as well as "all and any other positive judgment."

Defendants BB&T and Rogers, Townsend & Thomas have filed a Motion to Dismiss [Doc. #17] the claims against them for lack of subject matter jurisdiction, insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5), and failure to state a claim upon

which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have filed a Response [Doc. #19].

II. DISCUSSION

    A.      Standard – Rule 12(b)(6)

A plaintiff fails to state a claim on which relief may be granted under Fed. R. Civ. P. 12(b)(6) when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

    B.      Rooker-Feldman Doctrine

Defendants BB&T and Rogers, Townsend & Thomas, P.C., (collectively "Defendants") first argue that this Court lacks subject matter jurisdiction over this action under the Rooker-Feldman doctrine.

The Rooker-Feldman doctrine is a jurisdictional doctrine that prohibits federal district courts from sitting in review of state court decisions. A district court may not "hear[] an action 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced.'" Wilson v. SunTrust Bank, No. 1:11CV390, 2013 WL 2285231, at *5 (M.D.N.C. May 23, 2013) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)), adopted, 2013 WL 3367256 (M.D.N.C. July 5, 2013). When a plaintiff requests as relief an injunction ordering removal of the state court judgment

from the official records, it "leaves little doubt that" the plaintiffs want the federal district court to reverse the state court's judgment. Willner v. Frey, 243 Fed. App'x 744, 747 (4th Cir. 2007) (affirming dismissal of suit challenging state court judgment in adverse possession litigation under Rooker-Feldman doctrine).

In a separate action filed in this Court, Plaintiffs removed to this Court the state court foreclosure proceeding on the same residence at issue in this proceeding. See Clayton v. Branch Banking and Trust, No. 1:11CV783 (M.D.N.C.). Plaintiffs claimed that their Fourteenth Amendment rights were being violated because the defendants refused to hear and respond to Plaintiffs' arguments that they were never in default on their loan. (No. 1:11CV783 [Doc. #37 at 2].) This court noted that ten days prior to the filing of the Petition for Removal in this Court, the state clerk of court found that the substitute trustee could proceed with a sale of Plaintiffs' residence. (Id.) This Court determined that because the foreclosure action arose under state law, and because a substantive federal defense to a state-law claim does not raise a federal question, the federal court lacked subject matter jurisdiction to hear the case. By Order entered on January 17, 2013, the Court granted the defendants' motion to remand the case to state court. (Id. [Doc. #45].)

Defendants contend that upon the previous action being remanded to the Superior Court of Alamance County, the foreclosure and eviction of Plaintiffs from their residence was completed. (Defs'. Mem. [Doc. #17-1] at 6.) Plaintiffs have not challenged this contention in their Response. Rather, Plaintiffs' Amended Complaint refers to the foreclosure of their residential mortgage and their "eviction of Plaintiff's primary and only home." (Second Am.

4

Compl. [Doc. #9] at 2.)

Under these circumstances, the Court concludes that all claims against Defendants are barred by the Rooker-Feldman doctrine. Plaintiffs by this action are challenging the state court foreclosure proceeding on their residence by which their eviction had occurred prior to the initiation of the present action. The forms of relief sought by Plaintiffs, a permanent injunction to stop the foreclosure and an audit of their loan, could not be granted by this Court without rendering ineffectual the state court's judgment of foreclosure. The proper action for Plaintiffs to have taken upon the adverse state court judgment was to appeal that judgment through the proper state court appellate process. See Wilson, No. 1:11CV390, 2013 WL 2285231, at *5 (M.D.N.C. May 23, 2013) (dismissing claims under Rooker-Feldman doctrine which effectively sought overturning of the state court judgment). Therefore, all claims against Defendants should be dismissed for lack of subject matter jurisdiction.

III. CONCLUSION

IT IS THEREFORE RECOMMENDED that Defendants' Motions to Dismiss [Doc. #17] be granted, and that all claims against Defendants BB&T and Rogers, Townsend & Thomas, P.C. be dismissed.

This, the 8th day of September, 2014.

                                                  /s/ Joi Elizabeth Peake
                                                  United States Magistrate Judge